IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
|     Plaintiff, | | |
| vs. | : | Case No. 2:24-MJ-00058 |
| JEROME NORELL DEE CRAIG, | : | MAGISTRATE JUDGE DEAVERS |
|     Defendant. | | |

### MOTION TO SEAL RECORD

Now comes the defendant Jerome Craig, through counsel, and moves to seal this case and its public record, or at a minimum, to seal the documents containing information that would otherwise remain under seal and shielded from public access under German law at docket entries R. 1, 5, 6, and 17. The grounds for this motion are set forth in the attached Memorandum. The government through AUSA Emily Czerniejewski opposes this Motion.

Respectfully submitted,

JOSEPH MEDICI
FEDERAL PUBLIC DEFENDER

/s/ Rosana E. Brown
Rosana E. Brown (MD 1405200001)
Assistant Federal Public Defender
Federal Public Defender's Office
10 West Broad Street, Suite 1020
Columbus, OH 43215-3469
(614) 469-2999
Rosie_brown@fd.org

## MEMORANDUM IN SUPPORT OF MOTION

Mr. Craig was arrested on February 29, 2024, pursuant to a Complaint for extradition made by The Federal Republic of Germany, via diplomatic channels and according to The Treaty between the United States of America and the Federal Republic of Germany Concerning Extradition, signed on June 20, 1978, The Supplementary Treaty to the 1978 Treaty, signed on October 21, 1986, and the Second Supplementary Treaty to the 1978 Treaty, signed on April 18, 2006.  The applicable Treaties are attached to the Declaration filed on the docket at R. 5.  On March 18, 2024, Mr. Craig waived an extradition hearing and consented to extradition to address his charges in the German courts.

The Criminal Complaint, R. 1, Declaration, R. 5, Memorandum, R. 6, and Arrest Warrant, R. 16, all contain information concerning the nature of the criminal charges instituted against him in Germany and remain on the docket and public record in this matter.  Mr. Craig moves to seal this case and its public record because, under German law, criminal proceedings and court documents are not a matter of public record.[1]  The German public cannot obtain, access, or view information concerning criminal proceedings against any person—even civil court documents are often shielded from public disclosure in Germany.[2]  The basis for these privacy rules derives from the Personality Clause of the German Constitution, otherwise known as the "Basic Law for the Republic of Germany."[3]  Only those court records or opinions deemed to have a compelling public

---

[1] Or, at a minimum, to seal the listed documents.

[2] *See e.g.*, https://www.germancivilprocedure.com/court-records-in-germany/; https://www.germancivilprocedure.com/no-verbatim-records-of-court-hearings-in-germany/.  Section 147 of the German Code of Criminal Procedure extends the right to inspect documents relating to pending criminal proceedings to "defence counsel" and "the accused."  *See* https://dejure-org.translate.goog/gesetze/StPO/147.html?_x_tr_sl=auto&_x_tr_tl=es&_x_tr_hl=en&_x_tr_pto=wapp (translated to English using Google Translate).

[3] In German called the "Grundgesetz," the Basic Law was established in 1949 after the fall of Nazi Germany and is the highest legal authority in the country, with 146 Articles, the first 19 set forth fundamental rights, much like the U.S. Constitution.  *See* www.handbookgermany.de/en/basic-law; and

interest sufficient to override the privacy interests of its citizens given through the Personality Clause are made public, and even those records have a time period for disclosure after which the record is expunged.[4] German police and criminal records are maintained by an agency called the Federal Central Register, and a "Certificate of Good Conduct" may only be requested by the individual themselves, with proof of identity and their notarized signature.[5] Unlike the United States, potential employers are not able to conduct a background check for German criminal records, but the individual must apply for and provide the Certificate themselves.[6] It is a crime punishable by up to one year imprisonment to disclose court records in Germany before the Court orders the proceeding to be public.  German Criminal Code § 353d (Unlawful Disclosure Concerning Judicial Proceedings).[7]

Mr. Craig moves this Court to seal this case, its record, or the listed documents to protect his German constitutional and statutory right to privacy of his person, unless or until a German court orders that the criminal proceeding and its record be made public.  He asks this Court to consider persuasive the Comity of Nations Doctrine requiring deference and mutual respect

---

www.gesetze-im-internet.de/englisch_gg/englisch_gg.html.  It cannot be amended by government and the Federal Constitutional Court is the body for deciding questions of law concerning the Basic Law.  *Id*.
[4] *See* https://www.bundesjustizamt.de/EN/Topics/FederalCentralCriminalRegister/FederalCentralCriminalRegister_node.html.
[5] *See e.g.*, www.luxembourg.diplo.de/lu-de/service/-/2249642; https://www.bundesjustizamt.de/EN/Topics/FederalCentralCriminalRegister/CertificateofConduct/CertificateofConduct_node.html; and https://www.germany.info/us-en/service/08-Documents,CertificationsandApostille/certificate-of-conduct/906854.
[6] *See* Schlun & Elseven, *The Certificate of Good Conduct in Germany*, www.se-legal.de/employment-lawyers-germany/certificate-of-good-conduct-in-germany-how-to-apply/?lang=en (even legal representatives are unable to secure Certificates of Good Conduct on a person's behalf).
[7] https://www.gesetze-im-internet.de/englisch_stgb/englisch_stgb.html; *see also* Federal Constitutional Court Op. 2 BvR 429/12 (June 27, 2014) (upholding a conviction under the statute when the individual person themselves published the proceeding to his website), https://www.bundesverfassungsgericht.de/SharedDocs/Entscheidungen/DE/2014/06/rk20140627_2bvr042912.html; *see also* https://www.bundesverfassungsgericht.de/SharedDocs/Pressemitteilungen/DE/2014/bvg14-061.html (Press Release).

concerning the laws of other nations that is enshrined in our own Constitution, *see* U.S. CONST. ART. IV SEC. 2 (Privileges and Immunities Clause), the combined Treaties between the United States and Germany, as well as other international conventions of law that advise similar protections adopted by most European Countries.[8]  *See also* Restatement (Third) of Foreign Relations Law § 402 *et seg*. (Am. Law. Inst. 1987).

Indeed, the purposes for which the United States values public disclosure of court proceedings are not of concern in this matter, since it is a foreign case and offense, only presented to the District Court for extradition.  The American right to public records "serves to promote trustworthiness of the judicial process, to curb judicial abuses, and to provide the public with a more complete understanding of the judicial system, including a better perception of fairness."  *In re Rep. for the Comm. for Freedom of the Press to Unseal Crim. Pros. of Assange*, 357 F.Supp.3d 528, 533 (E.D. Va. 2019), quoting *Doe v. Publ. Citizen*, 749 F.3d 246, 265 (4th Cir. 2014).  The fact that Mr. Craig was extradited and the propriety of the proceedings by which extradition was achieved are the only issues of public concern according to this mantra, not the allegations with which Mr. Craig was charged in Germany.  "[T]he right of access to criminal proceedings is not absolute, it may give way in certain cases to other rights or interests, such as the defendant's right to a fair trial or the government's interest in inhibiting disclosure of sensitive information."  *United States v. Doe*, 63 F.3d 121, 127 (2d Cir. 1995), quoting *Waller v. United States*, 467 U.S. 39, 45 (1984).  Foreign intelligence law is one domain of censured material that supersedes the public's right to access.  *See* Laura K. Donohue, *The Common Law and First Amendment Qualified Right of Public Access to Foreign Intelligence Law*, 112 Geo. L. J. 271 (Dec. 2023).

---

[8] Exceptions to public disclosure are set forth in Article 6 of the European Convention on Human Rights and Article 14 of the International Covenant on Civil and Political Rights. https://www.ohchr.org/en/instruments-mechanisms/instruments/international-covenant-civil-and-political-rights; and https://dejure.org/gesetze/MRK/6.html (translated to English via Google Chrome).

One District Court has contemplated that a movant seeking to seal an extradition matter bears the burden of demonstrating "there is a substantial probability of prejudice to a compelling interest . . . that closure is essential to preserve higher values than public access, with sealing narrowly tailored to serve that interest." *Matter of Extradition of Sternberg*, 2022 WL 203687 *1 (E.D.N.Y. Jan. 24, 2022) (internal citations and quotation marks omitted) (denying movant's request to seal extradition record in the interest of a temporary "gag order" granted in Israel).  Here, the probability of prejudice to the German Constitution and Mr. Craig's fundamental right to privacy is substantial.  And the higher values at issue are international constitutional principles, which specifically demand that their citizen's right to privacy outweigh our U.S. interest in public access, and for highly polarized reasons that have never existed on U.S. soil.  The German values at issue deserve specific deference because the populus came to revere their privacy in the wake of Nazi Germany's weaponization of personal information and identity.  To order otherwise is an affront to that very clear premise.  The Comity of Nations Doctrine demands that we honor a German citizen's constitutional and statutory right to privacy, especially where, as here, it "is essential to preserve higher values than public access, with sealing narrowly tailored to serve that interest." *Id*.  Mr. Craig's request to seal only specific documents that discuss the context of the criminal allegations made against him in Germany is sufficiently narrowly tailored to serve the interest of his German right to privacy.

**WHEREFORE,** for the reasons set forth above, Mr. Craig moves this Court for an Order sealing either the case, or the specific documents listed at R. 1 (Complaint), R. 5 (Declaration), R. 6 (Memorandum), and R. 16 (Arrest Warrant).  Should this Court determine that a more narrow alternative is required, he proposes that redacting portions of those documents that discuss the content of the German criminal proceeding would also suffice.

Respectfully submitted,

JOSEPH MEDICI
FEDERAL PUBLIC DEFENDER

/s/ Rosana E. Brown
Rosana E. Brown (MD 1405200001)
Assistant Federal Public Defender
Federal Public Defender's Office
10 West Broad Street, Suite 1020
Columbus, OH 43215-3469
(614) 469-2999
Rosie_brown@fd.org

**CERTIFICATE OF SERVICE**

I hereby certify that on August 5, 2024, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

/s/ Rosana E. Brown
Rosana E. Brown (MD 1405200001)
Assistant Federal Public Defender